IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meritage Corp. et al., | No. CV-04-00384-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Greg Hancock, et al., | |
| Defendants. | |

On October 6, 2008, Plaintiffs filed a Motion For Order Allowing Plaintiffs To Register Their Judgments In Other Districts (Doc. 660). On October 10, 2008, Plaintiffs filed an Emergency Motion To Lift Rule 62(a) Stay (Doc. 674).

**1. Registration of Judgment**

Title 28 U.S.C. § 1963 allows a judgment creditor to register his federal court judgment in another federal district and collect on the judgment without relitigating any issues. See also James Wm. Moore et al., 12 Moore's Federal Practice § 58.08 at 58-37 (3d ed. 2008). A judgment creditor may register under the statute when the judgment has been affirmed on appeal, time for appeal has expired, or "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Good cause includes absence of assets in the judgment forum and presence of substantial assets in the registration forum. See

1  Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186,
2  1197-98 (9th Cir. 2001).

3       Defendants have not yet appealed, nor has time for appeal expired. Rather, Plaintiffs
4  allege that Defendants do not have sufficient assets in Arizona from which to pay the
5  judgment and own substantial property in California and Idaho (Doc. 660 at 2). Plaintiffs
6  offer some evidence showing Defendants, in 2002, owned real property in the Southern
7  District of California and District of Idaho as well as that they may acquire (or have
8  acquired) property, pursuant to a state court judgment or settlement, in the Central District
9  of California (Doc. 660 Ex. 1 at 10-11, 28-29). Although Plaintiffs' evidence is
10 underwhelming, Defendants did not contest any of Plaintiffs' allegations (Doc. 678). The
11 Court thus finds good cause and will grant Plaintiffs' motion.

13 **2. Rule 62(a)**

14       Fed. R. Civ. P. 62(a) ("Rule 62(a)") prohibits execution or enforcement of a judgment
15 within ten days of entry. All but one of Plaintiffs' judgments against Defendants were
16 entered on September 30, 2008 (Docs. 642-650). Both parties agree the Rule 62(a) stay
17 expires today, October 15, 2008 (Docs. 674 at 4, 678 at 1-2). Plaintiffs' contention that
18 "[a]llowing the stay to remain in place even a minute longer...could irreparably harm
19 Meritage" does not alter the mootness of the issue (Doc. 681 at 5). Plaintiffs' motion will
20 be denied.

21 Accordingly,

23 **IT IS ORDERED** Plaintiffs' Motion For Order Allowing Plaintiffs To Register Their
24 Judgments In Other Districts (Doc. 660) **IS GRANTED**. Plaintiffs are allowed to register
25 their judgments in the District of Idaho, Southern District of California, and Central District
26 of California.

1   **FURTHER ORDERED** Plaintiffs' Emergency Motion To Lift Rule 62(a) Stay (Doc.
2   674) **IS DENIED**.

4   DATED this 15th day of October, 2008.

_____
Roslyn O. Silver
United States District Judge